UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
MARIO E. ATKINSON,

                Plaintiff,

       - against -

WARDEN HERMAN QUAY and FEDERAL
BUREAU OF PRISONS,

                Defendants.
----------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19-cv-1615 (BMC) (LB)

**COGAN**, District Judge.

Plaintiff *pro se* filed suit against defendants alleging that the "Metropolitan Detention Center of Brooklyn [("MDC")] didn't provide heat, hot food, hot showers, medical attention, social calls, visits, electricity, and legal calls." Plaintiff further claims that he "was detained in [his] cell for seven days without power and heat" and that when he hurt his back performing work at the MDC, he was denied effective medical treatment.

Plaintiff's complaint to this court was hand-written on a form complaint, pre-designated to be filed in the District of New Jersey. He apparently wrote it without any guidance from an attorney and at times failed to follow the provided instructions.

Prior to the Initial Status Conference, defendants moved for a Pre-Motion Conference, requesting leave to file a pre-answer motion to dismiss, which the Court granted. Nevertheless, less than two weeks later, defendants filed their "Motion to Dismiss the Complaint, or in the Alternative, For Summary Judgment," including the requisite 56.1 Statement and accompanying

exhibits. Plaintiff *pro se* did not file an opposition and defendants have not yet filed their answer to the complaint.

Prior to the Court reaching a decision on defendants' motion, plaintiff filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). That Rule permits a plaintiff to unilaterally dismiss his complaint without prejudice so long as the opposing party has not yet served either an answer or a motion for summary judgment. The unauthorized filing of that part of the motion seeking summary judgment arguably suggests that defendants have not properly cut off plaintiff's right to voluntarily dismiss.

Even after a defendant files a motion for summary judgment, a Court may still dismiss a complaint without prejudice. See Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request . . . on terms that the court considers proper."). Given plaintiff *pro se*'s limited legal resources while under incarceration, his unsophisticated pleading, and his failure to oppose defendants' motion, the Court will not subject his otherwise-serious underlying complaints to a later *res judicata* defense. Plaintiff should be afforded the opportunity to retain counsel and re-file a proper complaint, should he choose to do so.

According to the Rule 41 Advisory Committee Notes, the purpose of imposing a limitation on a plaintiff's ability to dismiss without prejudice is to prevent a plaintiff from dismissing his case after a defendant has expended considerable efforts in researching and preparing his motion. However, defendants are currently opposing several nearly identical complaints in this district, including a class action. And defendants have filed motions in some of those cases with supporting briefs largely mirroring the structure and language of the brief filed in this case. For example, defendants' memorandum of support for their "Motion to Dismiss the Complaint, or in the Alternative, For Summary Judgment" in Patel v. Quay et al.,

19-cv-2040 (E.D.N.Y.), presents numerous sections that appear to match exactly with those in this case's memorandum of support. Much of the work that went into defending this action thus far was therefore not wasted, and perhaps not even original.

This case is therefore dismissed without prejudice. The Clerk is directed to enter judgment so providing.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
    November 13, 2019